# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:11-cv-80-RJC

| | |
|---|---|
| JACQUES CRAIG FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| RANDY TEAGUE, & DOUG NEWTON, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff contends that prior to his conviction for which he currently is incarcerated, he entered into a contract with a self-publishing company to publish his book. (Doc. No. 1 at 4). According to Plaintiff, he fulfilled the terms of his contract on August 2, 2010, when he made a final payment to the publisher. (Id.) According to the terms of the contract, the publisher agreed to remit payment for any sales of the book to Plaintiff on January 31 and July 31 of each year via electronic transfer. (Doc. No. 1-2 at 3).

Plaintiff was convicted of Robbery with a Dangerous Weapon on October 27, 2010.[1] He was incarcerated at Marion Correctional Institution (hereinafter "MCI"). (Id.) While at MCI, Plaintiff contacted the publisher regarding his incarceration and was informed that, in light of Plaintiff's

---

[1] N.C. Dept. of Corr. Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0760158 (last visited April 13, 2011). The Court may take judicial notice of matters of public record. Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir.2009) (citations omitted).

situation, the publisher could remit sale proceeds via a bank check. Plaintiff then sought permission from prison officials to have the checks directly deposited into his inmate trust account. Permission was denied, and Plaintiff filed the instant suit seeking damages and an injunction requiring MCI to allow direct deposit of the proceeds from his book into his inmate trust account.

## II. LEGAL STANDARD

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. The Court has conducted an initial review of Plaintiff's Complaint and has determined that it shall be dismissed in its entirety.

## III. DISCUSSION

The claim against the North Carolina Department of Correction (hereinafter "DOC") is dismissed because the DOC is not a "person" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). The Eleventh Amendment prohibits actions in federal court by individuals against a state unless the state has consented to suit or unless Congress has lawfully abrogated the state's Eleventh Amendment immunity. Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Will, 491 U.S. at 70. For Eleventh Amendment

purposes, the DOC is considered an arm of the State of North Carolina. See e.g. Garner v. State of N.C., No. 88-6821, 1989 WL 21482, at *1 n.*. (4th Cir. Mar. 1, 1989) (noting DOC was entitled to eleventh amendment immunity from § 1983 damages claims); see also Savage v. North Carolina Dep't of Corr., No. 5:06-cv-171-FL, 2007 WL 2904182, at *15 (E.D. N.C. Sept. 29, 2007) (holding DOC is an agency of the State of North Carolina thus immune from suits for money damages under § 1983) (citations omitted); Pharr v. Garibaldi, 115 S.E.2d 18, 22 (N.C. 1960) (holding that a suit against the "State Prison Department ... is essentially a suit against the State"). Accordingly, the DOC cannot be sued under § 1983.

The record shows that Plaintiff was transferred from MCI to Bertie Correctional Institution on March 23, 2011.[2] Therefore, Plaintiff's claim against Defendants Teague, the Superintendent of MCI, and Newton, an assistant unit manager at MCI, for injunctive relief is moot. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A] prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") (citing Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986)). This Court cannot provide Plaintiff with meaningful relief by entering an injunctive Order respecting MCI when he is no longer incarcerated there. While it is conceivable that Plaintiff could be transferred back to MCI at some point, there is nothing to prevent him from seeking injunctive or declaratory relief then. Therefore, even if the alleged harm to Plaintiff is capable of repetition, it is not likely to continue to evade judicial review. See Incumaa, 507 F.3d at 289-90 (explaining doctrine that permits federal courts to consider disputes, although moot, that are "capable of repetition, yet evading review") (citations omitted).

---

[2] N.C. Dept. of Corr. Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0760158 (last visited April 13, 2011).

Finally, Plaintiff may not recover monetary damages from either Defendants Teague or Newton. As an initial matter, the Eleventh Amendment protects state employees acting in their official capacities from suits for damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, Plaintiff cannot recover damages from either Teague or Newton for actions taken in their official capacities. Id.; 28 U.S.C. § 1915A(b)(2).

Furthermore, Plaintiff has failed to allege sufficient facts to state a claim for damages, which precludes recovery from either Teague or Newton for actions taken in their individual capacities. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To recover damages under § 1983, Plaintiff must show the deprivation of a right guaranteed by the federal Constitution or by federal statute. Plaintiff was incarcerated at MCI until March 23, 2011. There is no allegation that Defendants Teague or Newton at any time deprived Plaintiff of the proceeds from the sale of his book or denied him access to proceeds from the sale of his book. In fact, Plaintiff acknowledges that he complied with the terms of his contract prior to his incarceration and that he is not scheduled to begin receiving payments from the publisher until August 31, 2011. Therefore, Plaintiff has not shown that Teague or Newton deprived him of or interfered with any constitutional or statutory right associated with the contract or Plaintiff's personal property. Consequently, he has failed to state a claim for relief under § 1983. See 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant North Carolina Department of Correction is dismissed and should be removed from the caption of this case; and

2. Plaintiff's 42 U.S.C. § 1983 Complaint against Defendants Teague and

Newton (Doc. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

Signed: April 19, 2011

Robert J. Conrad, Jr.
Chief United States District Judge